GILMAN & COWDREY v. THE D. V. R. CO. ET AL.

**Compensation of Public Officers: SHERIFF'S FEES: CONTRACT AGAINST PUBLIC POLICY.** A contract entered into by a sheriff to perform certain official services for a gross sum in lieu of the fees provided by statute, where it did not appear whether the stipulated sum would be greater or less than the legal fees, was *held* to be void because against public policy and in violation of Sec. 3840 of the Code.

*Appeal from Polk Circuit Court.*

THURSDAY, MARCH 18.

THIS is an appeal from the ruling of the Circuit Court upon a motion to re-tax costs. The motion is as follows:

" GILMAN AND COWDREY,  
           v.  
THE DES MOINES VALLEY RAILROAD CO.

Now come Clark, Barling and Johnson, and move the court to order the re-taxation of the sheriff's costs for selling and making a deed, to the first division of the road mentioned in the decree in this cause, and that in said re-taxation the said sheriff be allowed only the sum of two hundred and fifty dollars, for the sale of said property. And for cause thereof the parties state that on the — day of ——————, the said sheriff made, for a valuable consideration, an agreement, a copy of which is hereto annexed, to perform said service for two hundred and fifty dollars, and thereafterwards it was added to said agreement that it included the sale of the road in parcels, and the applicants show that the sheriff refused to make said deed until he was paid the sum of fifty-nine hundred dollars, and when he was paid the said sum he executed an agreement to refund the overplus of such fees, a copy of which agreement is hereunto annexed. And the plaintiffs move not only to re-tax said costs, but for an order to the sheriff to refund the residue of said money to said Johnson.

[Signed]                        GRANT & SMITH,  
                                *for the Plaintiffs.*"

To this motion was annexed the following agreement:

"W. S. GILMAN AND N. A. COWDREY,

v.

THE DES MOINES VALLEY RAILROAD CO. ET AL.

In consideration of the sum of one dollar, and other good and valuable considerations to me in hand paid, by the plaintiffs in the above entitled cause, I, D. M. Bringolf, Sheriff of Polk county, undertake to render all services which the sheriff of said county should render, and are required by law to be rendered by him in sale of the property of the defendant, the Des Moines Valley Railroad Company, under the decree which may be rendered herein, and to receive as full compensation therefor one or the other of the following sums: If all of the property ordered by such decree to be sold can be sold in Polk county, the sum of three hundred and fifty dollars. If only a portion of said property can be sold at sale in Polk county, two hundred and fifty dollars.

It is understood that one of the above sums is to be paid as full compensation for all fees which could be charged for sales made in Polk county, and that this agreement does not embrace fees for serving original notices, or for sales which may be made in other counties, for which the sheriffs of such counties will be entitled to compensation.

[Signed]        D. M. BRINGOLF,
*Sheriff of Polk County.*

This agreement is to apply to the modified decree at the September Term, 1873, whereby the road is to be sold in two parcels.

D. M. BRINGOLF,
*Sheriff of Polk County, Iowa.*

September 10th, 1873."

There was also annexed to the motion an affidavit of Thomas F. Withrow, Esq., stating in substance that while he was a member of the firm of Withrow, Gatch & Wright that firm were retained by Gilman and Cowdrey, trustees of the second mortgage bond-holders on The Des Moines Valley Railroad, to foreclose said mortgage; that at the same time an action was

pending in the Circuit Court of the United States for Iowa, in which Gilman and Cowdrey were plaintiffs, praying a foreclosure of the same mortgage; that after said firm had thus been entrusted with .the management of said foreclosure the propriety of dismissing the suit in the federal court, and proceeding in the state court was considerd, and before a final conclusion as to where the suit should be brought was reached the deponent had an interview with Bringolf, the Sheriff of Polk county, in which the deponent said to Bringolf, that if a foreclosure should be had in the federal court the sale of the property would be made by a commissioner, or master appointed by the court; that if it should be had in the state courts, the entire line of the railroad would be sold by the sheriff of the county in which the decree would be rendered; that deponent was inclined to the opinion that the lands owned by the company, which were not used for railroad purposes, could be sold only by the sheriff of the county in which they were situated; that if the foreclosure should be had in the state courts, the petition could be filed and the decree made by the court of any county through or into which the road passed; and that while deponent preferred to bring the suit, and have all of the proceedings in Polk county, the case would probably go to some other county if a satisfactory arrangement could not be made with him, (Bringolf,) "in regard to fees," whereupon the written agreement, above set out, was entered into, in the library room of Withrow, Gatch & Wright. The affidavit of John Fyffe, corroborating that of Withrow, is also annexed.

Suit was accordingly commenced in the Circuit Court of Polk county to foreclose the said mortgage. A decree was rendered therein, execution issued to the sheriff, Bringolf, who sold thereon the entire line of the railroad, in two distinct parcels, together with all of the property rights, etc., appurtenant and belonging to the road, and covered by the mortgage; that part of the line of the road extending from Keokuk to Des Moines, was sold to Robert W. Wyman, Robert C. Greer and J. Augustus Johnson, purchasing committee, etc., for $1,175,-000; the other portion extending from Des Moines to Fort

Dodge, was sold to the Keokuk and North Western Railroad Company, for the sum of $475,000.

The affidavit of Sheriff Bringolf was filed in opposition to the motion, but as it does not vary materially from that of Mr. Withrow, it is not here set out.

On a hearing the court overruled the motion, to which Luther C. Clark and Henry A. Barling, trustees of the first mortgage bond holders, and J. Augustus Johnson, one of the purchasers, excepted and now appeal.

*Grant & Smith*, for Clark, Barling and Johnson.

*Gatch, Wright & Runnells* and *John Fyffe*, for Gilman & Cowdrey.

*J. S. Polk* and *J. R. Barcroft*, for Bringolf, Sheriff.

MILLER, CH. J.—Without intimating any opinion as to whether the parties who made the motion have such interest in the matter in controversy as that they could properly make such motion or not, we come directly to the merits of the controversy.

The agreement is to accept a fixed sum by the sheriff in lieu of the legal fees for services to be performed. The statute prescribes what fees the sheriff is to receive for collecting and paying over money on execution, which is a certain per cent upon the sum collected and paid over by him. It further provides that where the property sold on execution is purchased by the plaintiff therein, only one-half of the rate fixed by the law can be charged by the sheriff.

Section 3840 of the Code, which is Sec. 4167 of the Revision, provides, that "any officer who willfully takes higher or other fees than are allowed by law, is guilty of a misdemeanor, and may be fined therefor a sum not less than ten nor more than fifty dollars." With this provision of the statute as the law of this State, if not without it, it is very manifest that if the sum agreed to be paid to the sheriff in this case should exceed the legal fees, the agreement would be void as being contrary to the statute, and would not be enforced by the

courts; for, although the statute does not in terms prohibit the making of such an agreement, yet, by imposing a penalty for taking higher or other fees than are allowed by law, it implies a prohibition, and a contract to pay higher or other fees than those fixed by the statute, is therefore void.  *Reynolds v. Nichols & Co.*, 12 Iowa, 398, and cases cited in the opinion of WRIGHT, J.; *Pike v. King*, 16 Id., 49; *Springfield Bank v. Merrick*, 14 Mass., 322; *Holman v. Johnson*, 3 Term R., 23; *White v. Bass*, 3 Cush., 448; *Russell v. Degrand*, 15 Mass., 39.

Upon the face of the agreement it is not certain whether the sum agreed to be paid would or would not exceed the legal fees for the services to be performed, and this could only be made certain by proceedings to happen after the making of the contract.  It would depend upon the amount of the sale of the property whether the legal fees of the sheriff would amount to more or less than the sum he had stipulated to accept.

The law will not take notice of the value of the railroad in respect to the sum it will sell for on execution, in order to determine the question touching the validity of the contract in question.  It being clear, therefore, that if the sum to be paid the sheriff under an agreement should be greater than the legal fees the contract would be null and void, it would seem to follow as a logical sequence that if from the contract it be uncertain whether the sum to be paid be greater or less than the legal fees, and might be greater, depending upon the amount for which the property should sell on execution, the agreement would, upon principle, be likewise void.

If the legal fees could have been less in any event than the sum agreed to be paid for the services of the sheriff, the legal effect upon the agreement is the same as if it had been certain that they would be less, for the agreement was either valid and binding at the time it was entered into, or it was invalid, and did not depend for its validity upon the amount of the bid at the sale. or upon the contingency whether the plaintiffs in execution, or third persons, should become the purchasers. If, therefore, the contract be held valid when it depends upon

these contingencies, then in one contingency an illegal contract would be held valid, as where the fees upon the sale would amount to less than the sum agreed to be paid for the same service. We are of opinion, for the reasons before stated, that the agreement in question is void because in violation of the statute and against public policy. In support of our view see the following cases: *Tappan v. Brown*, 9 Wend., 175; *Smith v. Weldon*, 10 Penn. St., 39; *Warner v. Grace*, 13 Minn., 487; *Lewis v. Lenox*, 2 Bill., 454; *Grant v. McLester*, 8 Geo., 553; *Outen v. Rodes*, 3 Marsh., 433; *Gray v. Hook*, 4 Comstock, 449; *Dodge v. Stiles*, 26 Conn., 463; *Hatch v. Mann*, 15 Wend., 45; *Hall v. Gavitt*, 18 Ind., 390.

II. We are also of opinion that the agreement is incapable of being enforced by either party, for the reason that it is without consideration, as shown by the evidence introduced on the motion, but we forbear any discussion of this point as being unnecessary, the views already expressed being decisive of the case; see, however, *Folk v. Smith*, 13 Md., 85.

AFFIRMED.