## The Hawkeye Ins. Co. v. Brainard et al.

1. **Contract:** AGAINST PUBLIC POLICY: FEES OF JUSTICE. A contract whereby an officer agrees to accept a less or greater compensation than is prescribed by statute, or whereby he agrees not to avail himself of a statutory mode of enforcing the collection of his fees, is contrary to public policy and void. (See cases cited in opinion.) So *held* in regard to a contract in which a justice of the peace agreed with the plaintiff herein that it should not be holden to the justice for any costs, in suits begun by it before him, unless such costs should be made out of the adverse parties.

2. **Appeal:** FROM JUDGMENT ON DEMURRER: QUESTION NOT INVOLVED. Where plaintiff asked that defendants might be enjoined from collecting certain fees allowed by statute to a justice of the peace, and the justice had entered into a contract not to collect such fees from plaintiff, but a demurrer was sustained to the petition on the ground that the contract was void, *held*, on an appeal from the judgment on demurrer, that the question of defendants' right to recover in the suits sought to be enjoined did not arise, and could not be considered.

3. ———: TRIAL DE NOVO: ERROR WITHOUT PREJUDICE. Where the trial court had granted a temporary injunction, but, upon the hearing, had rightly sustained a demurrer to the petition, and plaintiff had appealed and filed a *supersedeas* bond, whether or not the court *then* had jurisdiction to dissolve the injunction will not be considered on appeal to this court, because, when the demurrer was sustained, defendants were entitled to a dissolution; and, since the cause is triable anew in this court, such an order must be entered here, and the dissolution below, whether with or without jurisdiction, was without prejudice.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JUNE 22.

ACTION IN EQUITY. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Phillips & Day*, for appellant.

*Parsons & Perry*, for appellees.

SEEVERS, J.—T. H. Napier was an acting justice of the peace in and for Polk county, Iowa, and he entered into an agreement with the plaintiff as follows:

"This memorandum witnesseth that in any and all suits commenced by the Hawkeye Insurance Company of Des Moines, Iowa, before me as a justice of the peace, or in my said justice's court, no fees or charges as costs shall be required to be paid by said company until collected by them of the defendants; nor unless it collects or receives the same of the defendants or opposite parties in such suits. If the judgments rendered in any of such suits, or any costs, fees or charges are not ever collected of the parties opposed to such company, the defendants therein, no costs or fees are to be charged or collected from said company by me; it being the understanding and basis of this contract that, where the judgments or claims in such suits are not collected by said company, that then, in such suits, I am to lose my costs and charges therein without any charge or claim therefor against said company. It is further understood that the said company have the privilege of issuing notices for the commencement of suits before me; and where the parties pay the claim before the return-day named in the said notices that the said company may relinquish to such parties any and all fees and costs for issuing such notices, and I am to make no charges therefor against such party or the company; it being understood that it is only in such suits as the notice is actually returned into my court, and before me personally, that any charge is to be made by me in any suit commenced for costs or otherwise. The company is expected to furnish their own blanks for notices. This contract is not transferable.

"*Dated at Des Moines this January* 21, 1879.

"T. H. NAPIER."

The plaintiff, in pursuance of said agreement, caused to be commenced before said Napier certain suits on premium notes given it, in which certain fees were lawfully taxed as due to said Napier as a justice of the peace. The defendants, being about to enforce the payment of said fees, the plaintiff commenced this action, and asked and obtained an injunction restraining the collection of said fees, upon the ground that, under the contract above set out, the same were not collectible of the plaintiff. There was a demurrer to the petition upon several grounds, among which are that " said contract is absolutely null and void as against public policy and the statutes of Iowa." The demurrer was sustained.

I. There is no controversy as to the amount of the fees due Napier under the statutes of this state, which prescribe

1. CONTRACT: against public policy: fees of justice.

the fees and compensation for all official services performed by him. A justice of the peace is a public officer, whose emoluments are fixed and prescribed by law for all acts done by him by virtue of his office, and it is conceded by counsel for the appellant, as we understand, that the agreement deprives the justice of certain fees which but for it he could compel the plaintiff to pay; and it is said, as such fees belonged to him, he could collect or remit the same if he saw proper, and therefore he could contract to do so. This is no doubt true as to accrued fees for past services. But a different question is presented where a public officer, prior to the transaction of an official act, agrees to accept a less compensation for the performance of the act than is prescribed by statute. If, by contract, he may take less, why may not the parties contract for an enlarged compensation? We think a contract whereby an officer agrees to accept a less or greater compensation than is prescribed by statute, or whereby he agrees not to avail himself of a statutory mode of enforcing the collection of his fees, is contrary to public policy and void, and that the contract in question is of that character, and therefore the demurrer was correctly sustained. *Gilman v. Des Moines*

The Hawkeye Ins. Co. v. Brainard et al.

*V. R'y Co.*, 40 Iowa, 200; *McConkey v. Chapman*, 58 Id., 281. See, also, *Boardman v. Thompson*, 25 Id., 487; *Adye v. Hanna*, 47 Id., 264.

II. Counsel for the appellant insist that Napier became entitled to his fees under the contract, and

**2. APPEAL: from judgment on demurrer: question not involved.** that, as the contract is void, neither he nor his assignee can enforce the collection of the fees. We are, however, of the opinion that no such question is presented in the record. It will be observed that the plaintiff asked the interposition of the court, and that the defendants simply demurred to the petition, and that the court sustained the demurrer. The effect of this ruling is that the plaintiff is not entitled to the relief asked. The defendants did not ask any affirmative relief whatever, and therefore we cannot say what their rights are. This fact distinguishes the case from *Willemin v. Batson*, [29 N. W. Rep., 734, (Mich.,)] which counsel for the appellee insist is in conflict with *Gilman v. Des Moines V. R'y Co.*, before cited.

When the demurrer was sustained, the plaintiff

**3. ——: trial de novo: error without prejudice.** appealed and filed a *supersedeas* bond, and afterwards, on the succeeding day, the court dissolved the injunction which had been previously issued, and the plaintiff appealed from this last order, and it is said that the court erred in making it, for the reason that the case was then pending on appeal in this court, and therefore the circuit court had no jurisdiction or power to make such an order. When the demurrer was sustained, the defendants were entitled to an order dissolving the injunction; and, as the case is triable anew in this court, they are entitled to such an order now, and therefore we do not consider it necessary to inquire whether the order dissolving the injunction was properly entered in the circuit court or not. At most, it cannot be regarded as a prejudicial error.

AFFIRMED.