## PURDY v. THE CITY OF INDEPENDENCE.

1. **Cities and Towns:** OFFICERS: COMPENSATION: ALTERATION BY CONTRACT DURING TERM. Under section 491 of the Code, which provides that the compensation of no city officer shall be increased or diminished during his term of office, it is incompetent for a city treasurer to bind himself by contract with the city council to perform certain duties of his office for a less compensation than is provided by the ordinances in force when he entered upon his office; and such contract is no bar, after the services have been rendered, to a recovery of the compensation provided by ordinance.

2. ————: TREASURER: COMPENSATION FOR COLLECTING MONEYS: MEANING OF "COLLECTING." The ordinances of the defendant city provided that the treasurer should have, as part compensation, one per cent. on all collections made by him, except on moneys received from the county treasurer, for which he was to have no compensation. The city, through its mayor, negotiated certain of its bonds through certain brokers, and the treasurer received the money derived therefrom. *Held* that such money was collected by him within the meaning of the ordinance, and that he was entitled to his percentage thereon

*Appeal from Buchanan District Court.*—HON. J. J. NEY, Judge.

FILED, OCTOBER 5, 1888.

PLAINTIFF was treasurer of the defendant city from March, 1886, to March, 1887. He brought this action to recover the compensation allowed by the ordinances of the city for collecting and disbursing certain moneys belonging to the city, which came into his hands during his term of office. The district court, at the close of the evidence, directed a verdict for plaintiff, and entered judgment thereon. Defendant appeals.

*A. M. Shellito*, City Solicitor, and *E. E. Hasner*, for appellant.

*C. E. Ransier*, for appellee.

REED, J.—When plaintiff was elected to the office of city treasurer, the following ordinances were in force :

"Chapter IX.   *   *   *   Sec. 16.   That the treasurer shall, before entering upon the duties of his office, execute a bond to the city in the sum of five thousand dollars.   He shall collect, receive and safely keep, all moneys due or belonging to the said city, and for any sum of money so received shall execute duplicate receipts, one of which shall be delivered to the person from whom such sum shall be received, and the other returned to the city clerk.   *   *   *"

"Sec. 18.   The treasurer shall be *ex officio* the collector of the city, and shall perform all the duties required by law or ordinance to be performed by the city collector."

"Chapter VII.   Sec. 5.   The city treasurer shall receive as compensation one per cent. on all collections made by him, and also one per cent. on all disbursements made by him from the city treasury; provided that, for all moneys received by him of the county treasurer, he shall receive no compensation."

The city negotiated its bonds to the amount of forty thousand dollars, for the purpose of raising the necessary money for the erection of a system of water-works. The arrangements for the negotiation of the bonds were made by the mayor with a firm of brokers in Chicago, but the moneys derived therefrom were paid over to plaintiff, who kept and disbursed the same to the contractors who did the work for the city.   And his claim is for the compensation provided by section 5, chapter 7, for collecting and disbursing that amount of money. Before the bonds were negotiated, plaintiff signed and delivered to the city a writing, by which he agreed to accept as full compensation for receiving and disbursing the moneys which should be derived therefrom the sum of fifty dollars.   Afterwards, however, but before the bonds were negotiated, he gave a written notice to the city council that he would decline to accept any

other compensation for his services than that provided in the ordinance. But before that notice was received by the council that body adopted a resolution allowing the treasurer fifty dollars for receiving and disbursing the money to be derived from the sale of the bonds. The record of the council, however, does not show that the ayes and noes were called in the passage of the resolution. The city afterwards offered to pay said sum of fifty dollars, but plaintiff refused to accept that amount.

I. It was contended by counsel for plaintiff that, owing to the failure of the council to call the ayes and noes on the passage of the resolution, which was the only action taken by that body, looking towards the acceptance of plaintiff's offer, the arrangement was not consummated in the manner provided by law, and consequently it never had the force and effect of a contract. But, in the view we take of the case, this question need not be gone into, and for the purpose of the case it will be conceded that a contract, whereby plaintiff agreed to accept, and defendant to pay, fifty dollars, as full compensation for the services, was regularly entered into. It will also be conceded that the subsequent attempt by plaintiff to terminate the arrangement was without effect. It is entirely clear, we think, that but for the contract plaintiff would be entitled to the compensation provided by the ordinance for disbursing the money. The language of section 5, chapter 7, is "on all disbursements made by him from the city treasury." By no possible construction can this language be limited to the ordinary revenues of the city, and it was plaintiff's duty, under the other ordinances quoted, to receive and safely keep it; and when paid out upon the proper order of the council it was disbursed from the city treasury within the meaning of section 5, chapter 7. The question as to the defendant's liability for that amount depends entirely, then, upon whether it was competent for the parties to fix, by contract, the compensation which should be paid for the services, and

1. CITIES and towns: officers: compensation: alteration by contract during term.

we are of the opinion that the effect of section 491 of the Code is to absolutely prohibit the parties from entering into any contract upon the subject. The provision is as follows: "The emoluments of no officer whose election or appointment is required by this chapter shall be increased or diminished during the term for which he shall have been elected or appointed." It may be conceded that one (and perhaps the principal) object which the general assembly had in view when the statute was enacted was to prohibit the city council from changing, by its own action, the compensation of a city officer, during his term of office, through motives of favoritism, or the opposite. But its effect is much broader than that. The evils which might result, if the compensation of an officer, which was fixed at the time of his election, could afterwards be changed by contract, would be as great as those which would follow if the council had power to increase or diminish such compensation at their own will. And one object of the enactment was to prevent such evils. The language is general, and absolutely prohibitive of any increase or diminution by any means whatever. It was insisted, however, that plaintiff rendered the services under the contract, and as a consequence he is entitled to no compensation whatever, if it was unlawful. But that position cannot be maintained. It assumes that the services were performed in pursuance of the contract. But that is not the fact. The performance of the services was imposed upon plaintiff by the ordinance as a duty of his office, and it was performed in obedience to that requirement. The contract had no relation to the performance of the duty, but had reference alone to the amount of compensation which should be paid for the services.

II. The judgment awards plaintiff compensation for the collection of the money, as well as for disbursing it, and it was contended that in that respect it is erroneous, even though the contract should be held illegal. The position of counsel is that the mere receiving of the money from the broker was not the collection of it,

2. —: treasurer: compensation for collecting moneys: meaning of "collecting."

within the meaning of the ordinance, and hence, as he is entitled to compensation only "on collections made by him," he is entitled to nothing for receiving it. The definition of the word "collect," as given by the lexicographers, is, to gather; to assemble. When used with reference to the collection of money, it often implies much more than the mere act of receiving the money. An attorney brings suit to enforce the payment of a demand, and the amount recovered is made by the sale of the defendant's property on judicial process. The term, as applied to such a proceeding, would describe, not only the act of receiving the money, but all the means by which the payment was enforced. The meaning of the word, as used in the ordinance, however, is to be determined from the context. The taxes for the general purposes of the city are collected by the county treasurer, and by him paid over to the city treasurer. The ordinance provides that for receiving the money so collected the treasurer shall receive no compensation. But the city may have other sources of revenue, such as license fees, or the like. Ordinarily, persons who desire to engage in business for which a license is required would apply to the proper officer for the license, and pay the fees exacted before engaging in the business. In such cases the only duty which would devolve upon the treasurer would be that of receiving and safely keeping the money. Cases might occur in which persons, through ignorance of the requirement, or from a desire to avoid it, would engage in the business without either procuring the license or paying the fees. In such cases it would probably be the duty of the treasurer to enforce payment by legal process. In either case, however, his act would amount to a collection of the money, and he would be entitled to compensation. This is made apparent, we think, by the proviso excluding from the operation of the provision for compensation all moneys received from the county treasurer. By excluding that particular item from the operation of the provision, the city, in effect, declared that moneys received by the treasurer from that source should

not be regarded as having been collected by him. The duty of the treasurer, however, to receive and safely keep it is in no respect different from that imposed upon him by the ordinances with reference to other moneys of the city. The reasonable and necessary inference from the fact that an exception was created as to the act of receiving that particular fund is that the act of receiving other funds was intended to be covered by the general provision. As we have said, the money received from the sale of the bonds belonged to the city, and it was plaintiff's duty to receive and keep it; and his act of receiving it was a collection made by him within the meaning of the ordinance. AFFIRMED.