BLEIK PETERS, Appellant, v. THE CITY OF DAVENPORT.

**Contracts:** FEES: *Public policy.* A contract whereby an officer agrees to accept a different compensation than that provided by statute for his official acts, or whereby he agrees not to avail himself of the statutory method of enforcing a collection of his fees, is contrary to public policy, and void.

SAME. An illegal contract, fully executed, cannot be relied upon as the basis of a claim for additional compensation for services rendered thereunder.

STATUTORY FEES: *When collectible.* An officer who performs services in his official capacity, at the request of another, is entitled to statutory fees therefor.

SAME. Where a justice of the peace has no authority to bring an action, he cannot recover his costs taxed therein, from the party in whose name the action was brought.

SAME. The statutory fees allowed to a justice of the peace for performing judicial services, cannot be claimed by a magistrate employed to collect delinquent poll taxes, when he institutes the action under a specific agreement as to compensation.

**Contracts.** A justice of the peace autorized to "collect delinquent poll tax lists on the same terms as last year," cannot, after receiving twenty-five per cent. of the amount collected, which the city alleges was the agreed compensation therefor, assert that he is entitled, as an officer, to the statutory fees for such services, and that the contract to take less is void as against public policy where it is not shown that the tax lists were delivered to him in his official capacity, and since the resolution employing him does not, in itself, empower him to collect the taxes by suit.

EVIDENCE. In an action by a justice of the peace against the city to recover fees alleged to be due him arising from the collection of a delinquent poll tax list, it is immaterial whether the city officers ratify the bringing of the suits, when his services were performed under a specific agreement as to compensation.

SAME. Testimony as to statements made to a justice of the peace by
city officials, is inadmissible in an action by the magistrate to
recover for fees alleged to be due him, when none of the officers
or agents making the statements had power to bind the city.

SAME. Evidence as to the value of services rendered by a justice of
the peace in sending out notices to delinquents and publishing
demands in the city newspapers in connection with the collection
of the delinquent poll tax list placed in his hands, is inadmissible
in an action by him to receive fees for services rendered therein as
a justice of the peace.

*Appeal from Scott District Court.*—HON. WILLIAM F.
BRANNAN, Judge.

THURSDAY, FEBRUARY 3, 1898.

ACTION at law to recover fees taxed by plaintiff—a
justice of the peace—in certain actions, wherein the
defendant was plaintiff, and certain poll-tax delinquents
were defendants. The trial court directed a verdict for
defendant, and plaintiff appeals.—*Affirmed.*

*D. B. Nash* and *J. N. Helmick* for appellant.

*E. M. Sharon* for appellee.

DEEMER, C. J.—Appellant claims that appellee
requested him, in his official capacity as justice of the
peace, to collect the delinquent poll taxes appearing
upon its lists, by a resolution as follows: "That the
city collector be authorized to deliver to Justice
Peters for collection, the delinquent poll tax lists,
on the same terms as last year;" that he brought suit for
the collection of these taxes, with knowledge of
defendant; and that his fees for so doing amounted to
three thousand two hundred and sixty dollars, which
amount he sought to recover from defendant. Defend-
ant pleaded that, prior to the year 1888, it had entered
into contracts with various persons for the collection
of like taxes, and had agreed to give the persons so

employed twenty-five per cent. of the amount actually collected, in full compensation for their services; that, when passing the resolution relied upon by appellant, it had in mind and referred to this arrangement, and appellant so understood it in accepting the lists for collection; that the collections made by him were under and by virtue of this contract, as an agent of the city, and not in his capacity as justice of the peace; that appellee paid him the agreed compensation from time to time as earned; and that appellant accepted the same as full compensation, and never made any claim to the contrary until many years after the services were performed.    The appellant offered evidence tending to show that he was a justice of the peace when the lists were turned over to him, and that fees to the amount claimed were taxed against appellee, and that the tax lists were turned over to him by the city collector. He also offered the resolution of the city council hereinbefore referred to, and stated that he did not know what the words "on the same terms as last year" referred to, except that "the city council used to pay twenty-five per cent. on delinquent poll tax collection." He further proved that the city council took action with reference to the relief of certain parties who were made defendants to the suits.    Evidence was also adduced to the effect that the appellant was allowed twenty-five per cent. of the collections made.    It was also proven that the mayor of the city, during the years 1890 and 1891, knew that suits were instituted for the collection of poll taxes.    This was the showing made by appellant. Appellee's motion to direct a verdict was based upon the ground that appellant's services were rendered under contract, and that, by his own showing, he had been fully paid; and for the further reason that he has shown the services were performed under contract, but has failed to show what the contract in fact was.

The issues upon which the case was tried are somewhat peculiar. Appellant seeks to recover, upon the theory that the tax lists were turned over to him for collection in his official capacity as justice of the peace. True, he also pleads that appellee's officers and agents had knowledge that actions were being brought, and judgments obtained, and that it accepted the proceeds collected through judicial proceedings, But he makes this allegation as evidence of the fact that he was requested to collect these taxes as justice of the peace, and not by way of estoppel. To recover upon this theory, he must show that the tax lists were delivered to him in his official capacity; that he was authorized and empowered to commence suits against those who failed to pay, and was to receive his fees as part compensation. For this purpose he introduced the evidence heretofore set out. It also appears that he received from time to time twenty-five per cent. of the amount collected for his compensation, and never made any claim to the contrary until the commencement of this suit, which was some four years after the services were performed. The trial court evidently found that the lists were delivered to appellant for collection as an agent for appellee, and not in his official capacity as justice of the peace. It is conceded that appellant might act in either capacity, and counsel agree that if he acted simply as agent of the city, for an agreed compensation, he is only entitled, under the issues as stated, to the sum agreed to be paid.

Suggestion is made in argument that a contract whereby an officer agrees to accept a less or greater compensation than is prescribed by statute, or whereby he agrees not to avail himself of the statutory mode of enforcing the collection of his fees, is contrary to public policy, and void, and that an officer performing service at the request of another is entitled to the fees provided by statute. That these are

correct rules must be conceded, but the difficulty lies in
their application.   Appellant has failed to show that
the tax lists were delivered to him for collection in his
official capacity.   Moreover, the resolution offered does
not in itself authorize the collection of the taxes by
suit, and there is nothing to show that the "terms of the
last year" justified the bringing of actions against the
delinquents.   Appellee cannot be made liable for costs
without authority, either express or implied, in him
who instituted the actions.   Just what appellant's
authority was is not shown, and for that reason, if for
no other, he cannot recover.

One theory of appellant seems to be, that as he was
employed to collect the delinquent taxes, and instituted
the suits with knowledge of the defendant's officers, he
is entitled to the fees taxed in those actions, without
reference to the fact that he has received full compen-
sation under his contract.   No doubt this would have
been true had he instituted suits under authority simply
to collect.   But as he instituted the actions under
a specific agreement as to compensation, and as he
has received the amount agreed to be paid, he
is in no position to say that he is also entitled to fees as
justice of the peace for performing judicial service.
See *Willemin v. Bateson*, 63 Mich. 309 (29 N. W. Rep.
734).   It is familiar doctrine that, when an illegal or
immoral contract is executed, the parties will be left as
they are found, and neither can predicate any rights
thereon.   Concede, then, that the contract con-
templated services by the appellant as justice of
the peace, and that the agreement was illegal;
as it has been fully executed, the appellant cannot rely
thereon as a basis for his claim for additional compen-
sation.   *Harvey v. Tama County*, 53 Iowa, 228.   If it
should turn out, therefore, that appellant had authority
to institute suits by reason of his contract of employ-
ment, it does not follow that he is entitled to the fees

taxed in these actions. He cannot make an illegal contract the basis for the recovery of his fees. Had there been no contract except that he should collect as justice of the peace, he would then be entitled to statutory compensation, and no other. Here was a contract, however, and appellant has received his compensation thereunder. At least, he has not shown that anything is due him thereon. If this were a suit to collect fees, probably a different rule would obtain, and the question in such an action would relate simply to the authority of the justice to institute the proceedings, or to ratification by the city of the appellant's conduct in bringing the suits.

Claim is made that various officers of the city, and the council itself, ratified the bringing of the suits, and for that reason is liable for the fees. If the case turned upon the authority of appellant to bring the suits, there might be some force in this position, for there was evidence from which a jury might have found ratification. But such is not the point of inquiry. The ultimate question for determination is: Is plaintiff entitled to his fees, as part compensation for services performed under the contract? In this respect the case differs from *Hawkeye Ins. Co. v. Brainard*, 72 Iowa, 130, and *Gilman v. Railroad Co.*, 40 Iowa, 200.

I. Complaint is made of the rulings of the court in the admission and rejection of evidence. For instance, appellant attempted to introduce certain statements made to him by a member of the finance committee of the city council, before he entered into the contract. He also offered to prove certain statements said to have been made to him by the city collector. He further offered evidence as to what his duties were in the collection of the taxes, and also offered to show what he did in the matter of sending out notices to delinquents, and publishing demands in the city newspapers. All this evidence was clearly

inadmissible under the issues presented. None of these officers or agents had authority to make any statements which would be binding upon the city; and, as plaintiff was seeking to recover fees for services rendered, as justice of the peace, evidence as to the value of other services was clearly improper. We have examined all questions presented, and find no error.—AFFIRMED.