LOLA B. DANIELS, Appellant, v. CITY OF DES MOINES.

**Salary of Police Matron:** ORDINANCE AND STATUTE. In the appointment of a police matron, a city need not necessarily act under the provisions of Acts Twenty-fifth General Assembly, chapter 15; and if such appointment be made, instead, in pursuance of a city ordinance, and upon a salary fixed therein, the appointee cannot recover of the city the difference beween the salary so fixed and that provided by the statute.

*Appeal from Polk District Court.*—HON. THOMAS F. STEV-
ENSON, Judge.

FRIDAY, MAY 19, 1899.

ACTION at law in which plaintiff seeks to recover com-
pensation for services as a police matron of the city of Des
Moines. Defendant denied all liability, and pleaded pay-
ment. The case was tried to the court, a jury being waived,
resulting in a judgment for defendant. Plaintiff appeals.—
*Affirmed.*

*John McLennan* for appellant.

*J. E. Mershon* and *L. Ward Bannister* for appellee.

DEEMER, J.—The Twenty-fifth General Assembly
passed an act (chaper 15) providing for police matrons. In
substance, it provides that, in cities of twenty-five thousand or
more inhabitants, the mayor shall designate one or more sta-
tion-houses within the city for the detention and confinement
of women and children under arrest, and see that provisions
are made by which the room or cells set apart for them shall
be separate from, and out of sight of, the rooms or cells where
male prisoners are confined; that he shall appoint for such
station houses two or more respectable women, to be known
as "police matrons," in the same manner, and subject to the
same restrictions, as patrolmen; that the aforesaid matrons
shall have charge of all women and children under arrest, per-
forming searches, accompanying such as may require aid to
court, and giving them such comfort as may be within their
power. To be eligible to such appointment, the woman must
be over thirty years of age, of good moral character and sound
physical health, and her application must be indorsed by at
least ten resident women of good standing. Such matrons to
hold office until removed by death, resignation, or discharge,
and be subject to the authority of the board of police, or chief

of police, and subject to the authority in command of the stations. These matrons to receive a salary of not less than the minimum salary paid to patrolmen in the city where appointed. The local authorities are also required to appropriate annually such sums as may be necessary to secure the separate care and confinement of women and children under arrest, and for the appointment, salary, and maintenance of police matrons. It was also provided that these police matrons should have the right of entering and visiting all houses of detention in such cities. The act was passed April 24, 1894. On April 1, 1895, the then mayor of the defendant city made the following appointment: "Des Moines, Iowa, April 1, 1895. To Whom it May Concern: This is to certify that Mrs. Lola B. Daniels, the wife of John W. Daniels, city jailer, has been appointed as temporary matron for the city jail from April 1, 1895, up to and including December 31, 1895, and that her salary, as such temporary matron, shall be thirty-three and one-third dollars ($33 1-3) per month, in accordance with the appropriation ordinance as passed for the year 1895. Isaac L. Hillis, Mayor." Plaintiff claims that by this instrument she was appointed a police matron, under the act above referred to; that she performed the services of such office, and that she is entitled to compensation at the rate of sixty dollars per month, that being the minimum amount paid to patrolmen at that time; that she has received but three hundred and seventy-five dollars; and that she is entitled to judgment for three hundred and eighty-five dollars. Defendant denies that plaintiff was appointed a police matron, and says that she was simply appointed a temporary matron for the city jail, pursuant to an ordinance or resolution appropriating three hundred dollars to pay for the services required of such matron.

Now, while the instrument appointing the plaintiff does not refer to the act of the twenty-fifth general assembly, nor to her as a police matron, yet, if it was the intention of all parties concerned to appoint the plaintiff to that position, she

may recover, notwithstanding these omissions, and the mere fact that the city neglected to make the designation required by law will not defeat her action. And, if plaintiff was appointed police matron, then, as the statute fixed her compensation, a contract whereby she agreed to accept less than the amount fixed by statute would be contrary to public policy and void. *Insurance Co. v. Brainard,* 72 Iowa, 130; *Griffin v. Clay County,* 63 Iowa, 413; *Purdy v. City of Independence,* 75 Iowa, 356; *Gilman v. Railroad Co.,* 40 Iowa, 200; *Adye v. Hanna,* 47 Iowa, 264. But, to avail herself of any of these rules, it must appear that plaintiff was appointed a police matron in virtue of the statute upon which she relies. The city may not have seen fit to avail itself of this law, and if it did not do so, and did not in fact appoint plaintiff to the office thereby created, she cannot recover compensation for having performed the duties thereof. The mayor himself says he did not appoint plaintiff under the statute; that it was under a provision made by the city, independent of statute. The written evidence of appointment does not belie this claim. On the contrary, it is entirely consistent with it. And there is some other evidence tending to confirm the defendant's contention. It may be, if we were trying the case anew, that we would reach a different conclusion; but this is a law action, triable on assignments of error, and as the judgment has support in the evidence, we cannot interfere. As sustaining our conclusions on the law of the case, see *Peters v. City of Davenport,* 104 Iowa, 625. The judgment of the district court is AFFIRMED.