CHARLES E. ALLCOCK, Individually and as a City Marshal of the City of New York, Appellant-Respondent, v. ABRAHAM S. COHEN, as Surviving Partner of the Firm of COHEN & KOBRE, Attorneys at Law, and as a Partner of the Firm of A. S. & H. M. COHEN, Attorneys at Law, Respondent, and UNITED INDUSTRIAL BANK, Appellant.— In an action by a city marshal against an attorney and the attorney's client to recover fees due to the marshal in connection with executions issued by the attorney in actions in which the client was plaintiff, defendant United Industrial Bank appeals from an order denying its motion under subdivision 5 of rule 106 of the Rules of Civil Practice, to dismiss the amended complaint as to it, on the ground that it fails to state facts sufficient to constitute a cause of action; and plaintiff appeals from an order denying its motion under rule 109 of the Rules of Civil Practice, to dismiss the first, second and fifth defenses in the answer of defendant Cohen as insufficient in law. On defendant United Industrial Bank's appeal, order affirmed, with $10 costs and disbursements, with leave to answer within ten days from the entry of the order hereon. Assuming, without deciding, that a question as to election of remedies was presented on the motion, that question cannot arise in connection with the first, second, seventh and eighth causes of action, which are pleaded and may be maintained only as against defendant United Industrial Bank. Since those causes of action, at least, are sufficient, the motion to dismiss the amended complaint in its entirety was properly denied. (*Cochran* v. *Mt. Vernon Trust Co.*, 245 App. Div. 724; *Fusco* v. *Brooks*, 263 App. Div. 845; *Halstead* v. *General Ry. Signal Co.*, 268 App. Div. 1060.) On plaintiff's appeal, order modified on the law by striking the words "in all respects" from the first ordering paragraph and by adding after the word "denied" the words "as to the first affirmative defense, and it is further ORDERED that the motion to strike out the second and fifth affirmative defenses is hereby granted, with leave to defendant Cohen to serve an amended answer." As so modified, the order is affirmed, without costs, the amended answer herein provided for to be served within ten days from the entry of the order hereon. The second defense, which pleaded accord and satisfaction, was insufficient inasmuch as there was no allegation that any controversy existed between plaintiff and defendant Cohen concerning the amount due. (*Schuttinger* v. *Woodruff*, 259 N. Y. 212; *Schnell* v. *Perlmon*, 238 N. Y. 362.) The fifth defense set forth an agreement between the plaintiff and defendants whereby, in substance, the plaintiff was to receive less than his statutory fees for executing process delivered to him by the defendants. Such an agreement is void as

against public policy. (*The Hawkeye Ins. Co.* v. *Brainard et al.*, 72 Iowa 130; *Wolf* v. *Humboldt County*, 36 Nev. 26; *Pitsch* v. *Continental Bank*, 305 Ill. 265; 47 Am. Jur., Sheriffs, Police, and Constables, § 104; cf. *Kress* v. *Manufacturers Trust Co.*, 275 N. Y. 493.) Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. [See 270 App. Div. 761.]