FRANK TAYLOR ET AL. v. KEARNEY COUNTY.

[FILED OCTOBER 11, 1892.]

1. **County Treasurer: FEES: COUNTIES UNDER TOWNSHIP OR-GANIZATION.** Sec. 20, ch. 28, Comp. Stats., allows the county treasurer certain fees "on all moneys collected by him," etc Sec. 87, ch. 77, provides that "The county treasurers shall be *ex-officio* county collectors of taxes within and for their respective counties, and in counties under township organization, town treasurers shall be the collectors of taxes in their respective townships," and sections 89 and 90 provide the manner in which taxes are to be collected. *Held,* That the words "on all moneys collected by him" (the county treasurer) refer solely to such taxes as he has collected from the taxpayers, and that he is not entitled to fees on moneys paid to him by township treasurers.

2. **The finding and judgment** upon other matters submitted are right and need not be reviewed at length.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*B. F. Smith,* and *Leese & Stewart,* for plaintiffs in error.

*J. N. Wolff,* and *St. Clair & McPheely, contra.*

MAXWELL, CH. J.

The plaintiff in error was treasurer of Kearney county for the years 1884, 1885, 1886, and 1887, having served two terms. During his first term the county was under township organization. In making settlement with the county board a dispute arose as to the right of the plaint-iff in error to retain certain sums as fees, and the county brought this action to recover an alleged balance. The cause was submitted to the court on a stipulation of facts, as follows:

"It is hereby stipulated by the parties that in 1884 the following amounts were collected:

| | |
|---|---:|
| Total state tax collected | $7,305 33 |
| Of this amount the treasurer collected | 7,124 43 |
| Paid to him by township treasurer | 180 90 |
| Total county tax | 28,552 83 |
| Of this amount he collected | 28,046 82 |
| By township treasurer | 506 01 |
| Total school tax | 11,829 22 |
| Of this amount he collected | 11,536 83 |
| Paid him by township treasurer | 292 39 |
| Treasurer also collected for fines | 102 00 |
| Liquor license | 1,000 00 |
| Peddler's license | 12 50 |
| State school apportionment | 4,792 35 |

"Also paid to treasurer, other than tax, the following amounts:

| | |
|---|---:|
| County general fund, from Jensen | $498 25 |
| County general fund, from Harding | 24 45 |
| School bond fund, village Minden | 720 00 |

"And it is hereby stipulated that the court shall find:

"First, the amount of funds the treasurer is entitled to upon the taxes collected as above set forth.

"Second—As to whether the treasurer shall be entitled to charge fees upon the total amounts collected by himself and also paid to him by the township treasurer.

"Third—Whether the treasurer is entitled to charge fees upon the moneys paid to him other than taxes, and whether this should be included in the total amount of moneys collected by him.

"Fourth—Whether the treasurer shall be entitled to charge fees on school moneys, such as fines, liquor license, and peddler's license.

"Fifth—Whether or not the treasurer is entitled to charge fees on the state school apportionment.

"Sixth—It is further stipulated and agreed that the findings of the court as to the amount of fees the treasurer is entitled for the year 1884 shall be the basis for the years 1885-6-7, and that the computation shall be made upon such findings, and a judgment entered in accordance with this stipulation, and in certain other cause now pending, involving same questions and between same parties, being suit on bond for years 1886 and 1887."

*   *   *   "Upon the pleadings, report of referee, the evidence, and stipulation the court finds:

"First—That treasurer is entitled to fees upon the total amount collected by him, but is not entitled to charge fees on money paid him by the township treasurer.

"Second—That the county treasurer is not entitled to fees upon money collected by others and paid to him, and such moneys should not be included in the total amount of money collected by him.

"Third—That the county treasurer is not entitled to fees on moneys paid to him received for liquor licenses, peddler's licenses, fines, forfeiture of recognizances, belonging to the school fund collected by city treasurers and others than said county treasurer; but pursuant to provis-

ions of section 2, subdivision 11, chapter 79, Statutes of
Nebraska, and section 20, chapter 28, said Statutes of Ne-
braska, he is entitled to the commission of one per cent on
all school moneys by him directly and actually collected
and not collected by and paid over to him by others.

"Fourth—Pursuant to provisions of section 8, chapter
79, subdivision 11, Statutes of Nebraska, the county treas-
urer is not entitled to fees for receiving and disbursing the
state school apportionment.

"The court finds there is due from defendants to plaint-
iff $720.98, and its costs taxed at $———."

The errors assigned will be noticed in their order.

First—That the treasurer is not entitled to fees upon
money paid to him by the township treasurer.

Sec. 20, ch. 28, Comp. Stats., provides: "Each county
treasurer shall receive for his services the following fees:
On all moneys collected by him for each fiscal year under
three thousand dollars, ten per cent; for all sums over
three thousand dollars and under five thousand dollars,
four per cent; on all sums over five thousand dollars, two
per cent. On all sums collected, percentage shall be al-
lowed but once, and in computing the amount collected for
the purpose of charging percentage, all sums, from what-
ever fund derived, shall be included together, except the
school fund. For going to the seat of government to settle
with the state treasurer and returning therefrom, a travel-
ing fee of ten cents per mile, to be paid out of the state
treasury; for advertising and selling lands for delinquent
tax, an additional fee of five per cent, to be collected only
in case such lands are actually sold, and then in cash, of the
person buying the same; but for all other cases and serv-
ices the treasurer shall be paid in the same *pro rata* from
the respective funds collected by him, whether the same be
in money, state, or county warrants. On school moneys
by him collected he shall receive a commission of but one
per cent; and in all cases where persons outside of the

state apply to the treasurer by letter to pay taxes the treasurer is authorized to charge a fee of one dollar for each tax receipt by him sent to such person."

Sec. 87, ch. 77, provides: "The county treasurers shall be *ex officio* county collectors of taxes within and for their respective counties, and in counties under township organization town treasurers shall be the collectors of taxes in their respective townships, and the treasurer of each city or village, not included within the limits of any township, shall be the collector of taxes therein."

Sec. 89 provides: "No demand for taxes shall be necessary, but it shall be the duty of every person subject to taxation under the laws of the state to attend at the treasurer's office at the county seat and pay his taxes; *Provided,* That in counties under township organization the town collector shall, as soon as he receives the tax book or books, call at least once on the person taxed at his place of residence or business, if in town, city, or village, and shall demand payment of the taxes charged to him on his property. And if any person neglect so to attend and pay his personal taxes, or shall neglect and refuse after being called upon by the town collector, until after the 1st day of January next, after such taxes become due, the treasurer, either by himself or deputy, or the sheriff of the county, when directed by distress warrant issued by said treasurer to said sheriff or the town collector, is directed to levy and collect the same, together with the penalty and costs of collection by distress and sale of personal property belonging to such person, in the manner provided by law for the levy and sale on execution, and the treasurer and town collector shall be entitled to the same fees for their services as are allowed by law for selling property under execution; *Provided,* That in case no personal property of the delinquent can be found, it shall be the duty of the treasurer and town collector, when directed so to do by order of the board of county commissioners or the board of supervisors, to com-

28

mence suit by civil action in the district court of said county in the same manner as other civil actions are commenced, and prosecute the same to judgment and collection by attachment, execution, or garnishment, as the case may require, and that no property whatever shall be exempt from levy and sale under process issued on the judgment obtained in such action; and in case judgment shall be recovered, costs shall follow the judgment without regard to the amount of said judgment; *Provided, further,* That in case any person having personal property assessed, and upon which the taxes are unpaid, shall, in the opinion of the treasurer and town collector, be about to remove out of the county or in any other manner seek to put his personal property out of the reach of the treasurer or collector, it shall be the duty of the treasurer and town collector to collect such taxes by distress or attachment, as the case may require, at any time after the tax has become due, etc.

Sec. 90 authorizes the treasurer in certain cases to distrain goods, etc.

Sec. 101 provides: "If any collector shall fail to appear and make final settlement, or pay over the amount in his hands, when required in this chapter, the county clerk shall forthwith cause the bond of such collector to be put in suit, and recovery may be had thereon for the amount due from such collector as charged in his tax list, less the credits to which he may be entitled under the provisions of this chapter, and costs of suit. No act or settlement by such collector after the commencement of any such action shall avoid his liability for costs of such suit."

It will be seen that the township treasurer is to collect the taxes from the taxpayers and pay the same over to the county treasurer at a certain time, and in case he fails to perform his duty the county clerk—not the treasurer—is to bring suit upon his bond. The words "collect taxes," as used in the statute, mean to obtain payment of the same

from the taxpayers. In most cases such payments will be made voluntarily, but the power to collect carries with it the authority to use force in the manner pointed out by law to obtain payment. The theory and intention of the law are that taxes shall be equitably and fairly distributed so that no person shall be required to pay more than his just proportion and that every one who possesses property shall pay. The securing of these taxes from taxpayers, therefore, is the collection referred to in the statute for which fees are to be allowed. But it is said there was no provision at the time indicated for the payment of fees to township treasurers. That question does not arise in this case and need not be considered. The fees allowed the county treasurer are regulated by law and he can claim nothing as fees because of an alleged failure to provide for some other officer. It is claimed, under the construction here given, the fees of the county treasurer would be so reduced as to make the office unprofitable. The remedy, however, is with the legislature and not the court.

Second—The finding and judgment of the court upon the other matters involved seem to be right and need not be reviewed at length. The judgment is right and is

AFFIRMED.

THE other judges concur.