## KEARNEY COUNTY V. FRANK TAYLOR.

FILED APRIL 8, 1898.　No. 7978.

1. **Fees of County Treasurers:** STATUTE: EFFECT ON JUDGMENTS. Chapter 52, Session Laws 1893, is retroactive in its nature, in a sense special legislation, and will not be so construed as to embrace any subject not specifically named therein.

2. ———: ———: SETTLEMENT. The legislature by said act legalized settlements already made between county treasurers and county boards of counties under township organization, in and by which said treasurers had been allowed to retain fees, to which by law they were not entitled.

3. ———: ———: ACTIONS. Said act took from such a county its right to maintain an action against such a treasurer to recover the fees and compensation so allowed him.

4. ———: ———: EFFECT ON JUDGMENT. But it did not, in express terms nor by necessary implication, satisfy or attempt to vacate a judgment already obtained by such a county against such treasurer on such a cause of action.

ERROR from the district court of Kearney county. Tried below before BEALL, J.　*Reversed.*

*Ed L. Adams* and *J. L. McPheely*, for plaintiff in error.

*John M. Stewart* and *L. W. Hague*, contra.

RAGAN, C.

In the years 1884 to 1887, both inclusive, Kearney county was under township organization, and during said time Frank Taylor was the treasurer of said county. During the time Taylor was in office the township treasurers of the various townships of the county paid over to him large sums of money which they had collected as taxes from the property holders of their townships. Taylor, in making settlements with the county board, as required by the statute, credited himself with the same commission upon all moneys so paid to him by said township treasurers as if he had himself collected the moneys from the taxpayers, and the county board, in the settle-

ments so made, allowed him to retain the fees and com-
missions to which he claimed to be entitled by reason of
these moneys having been paid to him.     After Taylor
had gone out of office the county brought two suits
against him for the recovery of the money which he had
retained as his commission on the moneys paid to him
by such treasurers.     These suits resulted in the county's
obtaining two judgments against Taylor.     He then
brought one of those judgments to this court for review,
and the judgment of the district court was affirmed.
(See *Taylor v. Kearney County*, 35 Neb. 381.)   No appellate
proceeding seems to have been instituted for the review
of the other judgment.     The two judgments recovered
by the county against Taylor amounted to something
like $1,500, and after the affirmance of one of the judg-
ments by this court, Taylor paid all of the two judgments
and costs, except the sum of $790.

On April 6, 1893, the legislature passed an act entitled
"An a t legalizing the payment and allowance of fees to
county treasurers in counties under township organiza-
tion."   (See Session Laws 1893, ch. 52.)   The preamble
of this act recited that, in accordance with an opinion of
the attorney general, the treasurers of counties under
township organization had been allowed and paid the
same fees or commissions on taxes collected by township
collectors and paid to said treasurers as the law allowed
to treasurers of counties not under township organiza-
tion for taxes collected by them.     The act then proceeded
to legalize and affirm all allowances and payments which
had been made by the county boards of counties under
township organization to the treasurers of such counties
as their compensation for receiving the tax moneys paid
to them by the township treasurers of such counties.
After the taking effect of this act Taylor brought this
suit in the district court of Kearney county against that
county and the sheriff thereof, setting out the foregoing
facts, and praying that the county might be perpetually
enjoined from collecting the judgment which the county

had recovered against him. The district court rendered a decree as prayed, which the county has filed a petition in error here to review.

The theory upon which Taylor's action is based, and the theory upon which the decree of the district court is predicated, was and is that the legislature, by the act just referred to, forgave the debt which Taylor owed the county as evidenced by its judgment against him; in other words, by the act under consideration the legislature released and discharged the judgment in favor of the county. Addressing themselves to this construction of the act, counsel for the plaintiff in error vigorously assail its constitutionality. For the purposes of this case only we shall assume, without deciding, that this act of 1893 is not in violation of any provision of the constitution of this state. But the act is retroactive in its nature. It is in a sense special legislation, and it purports to legalize the retention and appropriation to their own use, by county treasurers of counties under township organization, public moneys to which by the laws of the state they were not entitled. This act then should be strictly construed, or at least it should not be held to embrace any subject not specifically named therein. The object of this act, as shown by its title and preamble, was to take away from counties under township organization any cause of action which they might have against persons who had been treasurers of their counties for moneys which they had been allowed by their county boards to retain as commissions on moneys paid to them by the township treasurers of such counties. Conceding, without deciding, that the taking away of such a cause of action from counties under township organization is a legislative function, it by no means follows that by the act under consideration the legislature intended to satisfy and discharge a judgment which such a county had obtained against one who had been its treasurer for the illegal fees so retained by him. The act does legalize and confirm settlements already made be-

tween county treasurers and county boards of counties under township organization, in and by which such treasurers had been allowed to retain fees to which by law they were not entitled. The act does take away from such counties the right to maintain an action against such treasurers to recover the fees- and compensation so allowed them; but it does not, in express terms nor by necessary implication, satisfy and discharge or attempt to vacate judgments already obtained by such counties against such treasurers on such causes of action. Taylor's petition filed in the district court does not state a cause of action. The decree of the district court is reversed and the proceeding dismissed.

REVERSED AND DISMISSED.