Hubbell v. County Commissioners.

[No. 1114, June 29, 1906.]

FRANK A. HUBBELL, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS, Bernalillo County, Appellee.

### SYLLABUS.

A county treasurer was not entitled to a commission upon monies collected for gaming and liquor licenses during the period intervening between the act of March 9, 1901, and the passage of Section 11, Chapter 60, Laws of 1905.

Appeal from the district court of Bernalillo county, before IRA A. ABBOTT, Associate Justice. Affirmed.

W. B. CHILDERS, for appellant.

If the treasurer and ex-officio collector, the two offices being united by Chapter 60, Acts of 1897, was entitled to receive "for all services four per centum of the amount of taxes and licenses collected by him," was this repealed by the act of 1901, imposing upon the sheriff certain duties and authorizing him to charge four per centum upon such licenses, and making it his duty to pay the same over to the treasurer and ex-officio collector after the receipt thereof under said act. ,

There certainly is no express repeal of the allowance of four per centum to the treasurer and ex-officio collector by the act of 1901. The question then arises was there a repeal by implication.

"The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance."

1 Lewis' Sutherland Stat. Con. p. 364.

For the application of this doctrine to cases of compensation of public officers, see

United States v. Walker, 22 How. 299;
See, 3 Roses' Notes, p. 943.

Where a statute providing compensation for an officer is capable of two constructions, it must be construed liberally in favor of compensating the officer who has rendered the services. It should never be presumed that the

state expects or provides by statute that its officers are to render services gratuitously.

> U. S. v. Morse, Fed. Cases No. 15820, Vol. 27, p. 2, and cases there cited; 3 Story, 87; McKinstry v. United States, 40 Fed. 818; Wood v. Cook, 31 Ill. 277; Kilgore v. People, 76 Ill. 548-553; People v. Wiltshers, 92 Ill. 260.

Under the statute, to collect is to obtain or receive the money from whatever source it may come, and the treasurer as much collects it when he takes it from the sheriff as when the latter collects it from the original payer of the license.

> 7 Cyc. of Law and Procedure, p. 280; 6 A. & E. Ency. of Law (2nd Ed.) 206, and authorities there cited; People v. Reis, 76 Calif. 279; 18 Pac. 309; Purdy v. Independence, 39 N. W. 641; 75 Ia. 361; Gable v. Elizabeth, 13 Vr. (N. J.) 79-80; Id. 39 N. W. 641.

Collect is defined in Anderson's Dictionary "to receive or obtain money."

> Missouri v. Moeller, 48 Mo. 331.

F. W. CLANCY, for appellees.

The only statute in force giving the treasurer any compensation is in Section 7 of Chapter 60 of the Session Laws of 1897 (Compiled Laws, p. 304), and is as follows:

"The treasurers and ex-officio county collectors shall receive as full compensation for all services four per cent of the amount of taxes and licenses collected by them."

Appellant's contention is, in substance, that any money received by the treasurer which is the product of a tax or a license, no matter how it comes to him or from whom he receives it, is collected by him within the meaning of this law, and that he is entitled to the percentage thereon.

Our tax laws have never used the word "collect" in any such sense, and the authorities are that in such laws "collect" means much more than "receive."

Taylor v. Kearney Co. 35 Neb. 381; Mc-
Inerey v. Reed, 23 Iowa, 414; Purdy v. In-
dependence, 75 Iowa, 359-60; Pottawattomie
v. Carroll, 17 Iowa, 457.

### STATEMENT OF FACTS.

Frank A. Hubbell as treasurer of Bernalillo county,
New Mexico, received certain sums of money from the
sheriff of said county for gaming and liquor licenses col-
lected by him, and from these sums retained four per
cent as his commission. The board of county commis-
sioners of Bernalillo county brought suit for the amount
so retained and Hubbell answered setting up his right
to retain the same under the laws of the Territory. The
court below rendered judgment for appellee against the
appellant who brings the case here on appeal.

### OPINION OF THE COURT.

MANN, J.—The question raised in this case is
whether the county treasurers and collectors of New Mexi-
co were entitled to receive a commission of four per cent
upon the monies derived from gaming and liquor licenses,
from March 9, 1901, up to the passage and taking effect
of the act of 1905.

Chapter 60 of the Session Laws of 1897, (Sec. 7)
provided that the treasurers of the several counties of the
Territory should be ex-officio collectors of their respective
counties and have and exercise all the powers and duties
then provided by law, for county collectors, provided that
they should give bond as such collectors and 'shall re-
ceive as full compensation for all services four per cent
of the amount of taxes and licenses collected by them,'
the act to take effect January 1st, 1899.

The act of March 9, 1901, (Sec. 6) provided that
"the sheriffs of the several counties shall hereafter be the
collectors of all gaming and liquor licenses, and shall be
entitled to retain out of the proceeds of such licenses so
collected as compensation for their services a commis-
sion of four per cent.' This act took effect from and
after its passage.

The first act referred to (October, 1897,) was a com-

Hubbell v. County Commissioners.

prehensive act, dividing the various counties into classes, providing the duties of the various officers and the compensation which they should receive.

By Sec. 7, the office of collector was transferred from the sheriffs who had hitherto been the collectors to the treasurers and provided that the treasurers should receive as full compensation four per cent of all the taxes and licenses collected by them.

The act of 1901 was specially upon the subject of liquor and gaming licenses and the duties of the sheriffs in relation thereto and it specifically took from the treasurers the duty of collecting such licenses and conferred that duty upont he sheriffs and provided for their compensation for the collection thereof.

It will be borne in mind that the office of treasurer and the office of tax collector are entirely separate and distinct. 27 Am. & Eng. Enc. (2nd Ed. 765.)

A tax collector is one whose duty it is to enforce the collection of taxes, the tax gatherer, the agent of the county to collect its dues. The treasurer on the other hand is the custodian of the funds of the county after they are collected.

This distinction has always been recognized by our legislature; the duties of the collector have sometimes been imposed upon one officer and sometimes upon another.

The laws of Nebraska, in 1892, provided that the county treasurers should be ex-officio collectors and the general law providing for their compensation provided that they should receive a certain per cent of all taxes collected by them, using the exact words of our statute. Some of the counties of the state were under township organization, each township having its collector whose duty it was to collect all taxes in his township and turn the same over to the county treasurer, and upon which the township collector received a commission.

In Taylor v. Kearney County, 35 Neb. 381, the treasurer of Kearney county claimed his commission under the statute referred to upon money received from the township collectors but in refusing it the supreme court of Nebraska, speaking through Mr. Chief Justice

Maxwell, says: "The words collect taxes as used in the statute, means to obtain payment of the same from the taxpayers. In most cases such payments will be made voluntarily, but the power to collect carries with it the authority to use force in the manner pointed out by the laws to obtain payment* * * * The securing of these taxes from the taxpayers, therefore, is the collection referred to in the statute." Taylor v. Kearney Co. (Supra.) See also McInery v. Read, 23 Ia. 410.

In Purdy v. Independence 75 Ia. 356, the court says: "The meaning of the word collect, as given by the lexicographers, is to gather, to assemble. When used with reference to the collection of money, it often implies much more than the mere act of receiving the money."

By the act of 1901, it was the plain intention of the legislature to take from the county treasurer the collection of these licenses. He was shorn of any authority or right to demand or enforce their payment, and that authority was conferred on the sheriff, who was required to give bonds for its performance. The treasurer was thus relieved from all liability for such collection and such sums when collected were not 'collected by him' within the meaning of Sec. 7, Chapter 60, Laws of 1897, and he is therefore not entitled to four per cent thereof. There is no question here of repeal by implication, it is a mere question of definition of the term "collect" as used in Chapter 60, Laws of 1897. The treasurer still received the four per cent of all taxes and licenses collected by him as ex-officio collector but that statute cannot be construed as meaning received by him as treasurer.

There was no error in the action of the court below in rendering judgment against the appellant on the pleadings, and the judgment is therefore affirmed.

William J. Mills, C. J., John R. McFie, A. J., Frank W. Parker, A. J., Wm. H. Pope, A. J, concur

Abbott A. J. having heard the case below, did not participate.