## Graham *v.* City of Philadelphia, Appellant.

*Philadelphia county prison—Board of inspectors—Salaries of employees—Acts of April 14, 1835 P. L. 232; May 21, 1879, P. L. 72; and June 25, 1919, P. L. 581.*

The Act of April 14, 1835, P. L. 232, giving the Board of Inspectors of the Philadelphia County Prison the right to fix the salaries of persons employed by them, has not been repealed by the Acts of May 21, 1879, P. L. 72, and June 25, 1919, P. L. 581, and the employees are entitled to recover such salaries from the City of Philadelphia, even though the City Council has not appropriated the amount necessary to pay them.

*Statutes—Repeal by implication.*

The repeal of statutes by implication is not favored in Pennsylvania, and the principle will not be applied unless the intention clearly appears, or there is a clear intent to establish a uniform and mandatory system as to the municipal classification acts, or where an act is passed to carry into effect a mandatory provision of the constitution.

Argued March 9, 1926.   Appeal No. 46, October T., 1926, by appellant, from judgment of C. P. No. 5, Philadelphia County, September T., 1924, No. 5823, in the case of Robert Graham v. City of Philadelphia. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Assumpsit for salaries of employees of the Board of Prison Inspectors of Philadelphia County.   Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for plaintiffs and entered judgment thereon.   Defendant appealed.

*Errors assigned*, among others, were the refusal of defendant's point for binding instructions and refusal of judgment n. o. v.

*Joseph P. Gaffney*, City Solicitor, and with him *James Francis Ryan*, Ass't City Solicitor, for appellant.

*William E. Mikell, Jr.*, and with him *Saul, Ewing, Remick & Saul*, for appellee.

Opinion by Gawthrop, J., April 19, 1926:

Eleven separate suits in assumpsit were brought to the September Term of Court of Common Pleas No. 5 of Philadelphia County by employees of the Board of Inspectors of the Philadelphia County Prisons against the City of Philadelphia to recover the salary which each alleged to be due and unpaid for the first six months of the year 1924.   Under a stipulation filed by counsel and an order of the court below, the cases were consolidated and combined as one case and so tried. The undisputed facts are as follows:   Plaintiffs are and were during the period, January 1, 1924, to June 30, 1924, employed by the Board of Inspectors of the Philadelphia County Prisons at the Reed Street Prison.   Eight of them were employed as keepers at a salary of $2,000 per annum; one as an assistant physician and apothecary at $3,000 per annum; one as a physician at $3,000 per annum; and one as a clerk at $3,500 per annum.   These salaries were fixed by a resolution of the board of inspectors passed November 19, 1923, fixing the salaries of the employees of the county prison for the year 1924.   On November 20, 1923, the schedule of these salaries was submitted to the city council with the annual budget of the inspectors of the

county prison for the year 1924, together with a request that an appropriation be made to provide for the salaries so fixed. This schedule showed an increase in salaries over those of the year 1923. When the city council received this request and the budget of the prison inspectors for the year 1924, it appropriated for salaries at the county prisons a sum sufficient only to pay the employees at the rate in effect for the year 1923. When plaintiffs demanded of the defendant their salaries for the first six months of the year 1924, they were paid the amounts due them under the 1923 schedule. They sued for the increase in salary. The city refused to pay on the ground that there was no appropriation therefor. The court below directed a verdict for the plaintiffs in the sum of $2,838.37 and refused the defendant's point for binding instructions. The error assigned here is the refusal of that point and the overruling of defendant's motion for judgment n. o. v.

The sole question presented to us is whether the Board of Prison Inspectors on the one hand, or the Council of the City of Philadelphia on the other, has the right to fix the salaries of persons employed in and about the county prisons. The Board of Prison Inspectors was created by the Act of April 14, 1835, P. L. 232, which directs that the Philadelphia county prison "shall be managed by a board of inspectors" who shall be appointed in the manner therein prescribed. Section 2 provides: "The inspectors shall annually appoint a superintendent, a matron for the female department, a physician and a clerk for the institution, and shall fix their salaries and compensation, as also the salaries or compensation of the keepers and all other persons employed in and about the institution." Section 3 directs that the inspectors shall "make the necessary contracts for the purchase of clothing, provisions and all articles and supplies necessary." Section 4 provides that the "superintendent,

under the direction and advice of the board of inspectors, shall appoint the keepers, and necessary servants, and dismiss them whenever he thinks proper, or the inspectors direct him to do so.'' Section 6 authorizes the board of inspectors to establish rules for the government of the prison. Section 12 provides: "For any deficiency in keeping, furnishing and maintaining said prison, in conformity with the provisions of this act, the inspectors are authorized to apply to the commissioners of the County of Philadelphia for such sum or sums as may be necessary or required, if it shall appear reasonable, and that the accounts of said inspectors are properly kept and adjusted, the commissoners of said county shall draw an order on the treasurer of the County of Philadelphia for such sum or sums as may be necessary to satisfy such demands.'' The affairs of both the original county prison contemplated by the Act of 1835 and the Holmesburg Prison, since its erection, have been conducted by this board. It is manifest that the purpose and effect of the Act of 1835 was to provide a complete system for the management, control and operation of the county prison, and to vest the board of inspectors with that control.

The Act of March 31, 1876, P. L. 13, entitled "An Act to carry into effect section 5, of article XIV, of the Constitution, relative to the salaries of county officers and the payment of fees received by them into the state or county treasury, in counties containing over one hundred and fifty thousand inhabitants,'' provided that in all counties containing over 150,000 inhabitants, the fees received by each county officer should belong to the county. In later sections it provided that all county officers within said counties should be paid by fixed and specific salaries. As to many county officers the act determined the amount of the salaries. Its seventh section enacted that the county commissioners and county controllers should be constituted a board

whose duty it should be "to meet together, from time to time, as they may be required by any of the officers whose salaries are established by this act, for the purpose of ascertaining and determining the number of deputies or clerks required for the proper dispatch of business by each of such officers, and for fixing the salary of each of said clerks and deputies." On May 21, 1879, P. L. 72, an act was passed repealing section 7 of the Act of 1876, supra, and "conferring upon councils in cities of the first class the power of fixing the number and salaries of certain employees." Section 2 of that act provides: "It shall be the duty of the councils of the cities of the first class to fix the salaries and number of clerks and employees of all persons who are paid their salaries by warrant or otherwise out of the city treasury, excepting only those officials who are elected by the people or whose salaries are fixed and established as to amount by act of assembly of this Commonwealth, or fixed by the courts by existing laws."

One contention of the city solicitor is that the words of this section cover the cases of the plaintiffs and that they repeal by implication the provision of the Act of 1835 authorizing the board of prison inspectors to fix the salaries of the employees of the county prison. While the second section of the Act of 1879 is broader in its scope than the seventh section of the Act of 1876 and its application is not limited to clerks and employees of those county officers who are entitled to charge fees, we cannot adopt the contention of the city solicitor that it applies to all employees and clerks whose salaries are paid out of the city treasury, and hence to the plaintiffs. The language of the section limits its application to a certain class of clerks and employees, namely, those employed by officers or other persons who are paid their salaries out of the city treasury. The plaintiffs are not under its terms, because their employers, the board of prison inspectors,

are not so paid, indeed, they are not paid at all. While
the purpose of the legislature in making such a classi-
fication is not apparent, the fact that it made it is
clear. It follows that the provision in the Act of 1835
for the fixing of the salaries of the employees of the
county prison by the board of inspectors thereof and
the second section of the Act of 1879, supra, are not
in conflict, and there is no merit in the contention that
the earlier act was repealed by the later. We note in
passing that this conclusion is in harmony with the
decisions of the courts of common pleas of the County
of Philadelphia since 1898, when the question was first
raised.

Another contention of the city solicitor is that vari-
ous acts of assembly relating to the government of the
City of Philadelphia, namely, the Consolidation Act
of February 2, 1854, P. L. 21, and the Act of June 11,
1879, P. L. 130, and the Charter Act of 1919, P. L. 581,
show a manifest intention of the legislature to pro-
vide a complete and general financial system for the
City of Philadelphia, in which the city councils under
the first two acts and the city council under the last
act are vested with absolute control of the expenditure
of the city's money for all purposes, and that the pro-
visions of the financial system thus established are so
inconsistent and irreconcilable with the provision in the
county prison Act of 1835 allowing the inspectors
thereof to fix the salaries of their employees, that this
provision of the latter act is repealed by implication.
The Consolidation Act expanded the City of Philadel-
phia so as to embrace the whole territory of the County
of Philadelphia and provided that the powers of the
city, as enlarged and modified by that act, were to be
exercised and have effect within the whole county. The
city was vested with all the rights, powers and privi-
leges incident to a municipal corporation. The county
was expressly continued as one of the counties of the
Commonwealth, "but so far as concerns revenues, fi-

nances and taxation, its powers and liabilities were transferred to the consolidated city.'' (Philadelphia v. Commonwealth, 52 Pa. 451.) The powers and functions of the commissioners of the county ceased and terminated, and such of those functions as related to finances devolved upon the select and common councils of the city. There is nothing in the provisions of this act which is inconsistent with the county prison Act of 1835. But it is urged with great earnestness that the Act of 1879, P. L. 130, entitled ''An act to authorize cities of the first-class to levy and fix a tax rate, to fix the time of opening and closing the tax duplicates, to regulate the appropriations and expenditures of said cities, and prescribing penalties for the violation of the provisions of this act,'' established a complete system for the regulation of the expenditures of the city. The third section of that act provided that ''no city of the first class, no head of any department thereof, and no commission, board or trust, or any other agent, officer or employee of either or any thereof, exercising any powers of government therein, either in the making of contracts, the approval thereof, or in the authorization of the expenditure of the money of said cities of the first class in any manner whatever, shall hereafter make any contract, without a previous appropriation has first been made by the city councils, draw, issue, or approve any warrant for any expenditure by such department, commission, board or trust, or any other agent, officer or employee, unless an appropriation has been previously made in accordance with the provisions of this act.'' While the Charter Act of 1919 specifically repealed this act, it enacted in place of the third section thereof a similar provision that no liability should be enforceable against the city upon any contract not supported by a previous appropriation, of council, and that no payment should be enforced for services rendered to the city or any department, officers, boards,

commission or other agency, unless the counsel shall have made a previous appropriation therefor. It is urged that the Act of 1879, in the first instance, and the Charter Act of 1919, show a plain legislative intent to vest the council of the city with such absolute control of expenditure of the money of the city, and to take from all existing boards and agencies the right to fix the salaries to be paid to their employees; and that therefore the board of prison inspectors was bound by the appropriation made by the city council for the expenses of the county prisons for the year 1924, which fixed the salaries of the employees at the county prisons for that year. It is contended that the necessary result is that so much of the Act of 1835 as authorizes the board of prison inspectors to fix the salaries of their employees is repealed. It has always been the rule in Pennsylvania that the repeal of statutes by implication is not favored: Com. ex rel. v. Ruggles, 280 Pa. 568, 571. Repeal is a question of legislative intent. The general principle or presumption applicable when considering the question whether one statute has repealed another by implication is that a local is not repealed by a general act on the same subject, even with conflicting provisions: Com. v. Brown, 210 Pa. 29, 36. In considering that rule Chief Justice BROWN pointed out in that case that the only exceptions to it, recognized in the decisions of our Supreme Court, are: (1) where a contrary intent is clearly apparent; (2) where there is a clear intent to establish a uniform and mandatory system as to the municipal classification acts; (3) and where an act is passed to carry into effect a mandatory general provision of the Constitution. Regarding the Act of 1835 and the Acts of 1879 and 1919 in the light of these exceptions, it is clear that the Act of 1835 has not been repealed, unless there is evidence in the language of the Act of 1879 or the Act of 1919 that such was the intent. We do not find in the language and purpose

of either act any ground for the inference of an intent to deal with the subject of the county prisons. It is manifest that these acts deal solely with the affairs of the city as a municipal corporation, while the subject of the special and local Act of 1835 was the management of a county institution. Neither the subject nor the scope of the Acts of 1879 and 1919 on the one hand and the Act of 1835 on the other are the same. We think that the restriction placed upon heads of departments, commissions and boards in the Acts of 1879 and 1919, in respect to the expenditure of the city's money, applies only to agencies of the city government and does not apply to the board of inspectors of the county prison, a county institution. After the fullest consideration, we are not prepared to hold that the acts relied on by the learned city solicitor show any legislative intent to take from the board of prison inspectors, who are responsible for the management of the county prisons, the right to fix the salaries of those employees required for the proper conduct of the institution. We are of opinion that the provisions in the Act of 1835, authorizing the Board of Inspectors of the Philadelphia County Prison to fix salaries of persons employed in and about the institution, were not repealed by the Act of 1879 or the Act of 1919.

The assignments of error are overruled, and the judgment is affirmed.