Schwarz *v.* Philadelphia, Appellant.

Hanley *v.* Philadelphia, Appellant.

Swift, Admr., *v.* Philadelphia, Appellant.

Argued September 25, 1939; reargued January 3, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

502

*Abraham L. Shapiro,* with him *Abraham Wernick,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellant.

*John P. Connelly,* for appellees, Nos. 272 and 273.

*Ralph B. Umsted,* with him *Abraham Nathanson* and *John R. Umsted,* for appellee, No. 271.

OPINION BY MR. JUSTICE STERN, March 25, 1940:

SCHWARZ v. CITY OF PHILADELPHIA

The Superior Court in this case (134 Pa. Superior Ct. 544) reversed the Court of Common Pleas, where the trial judge, sitting without a jury, had rendered a decision in favor of defendant. We find ourselves at variance with the view taken by the Superior Court, not by reason of any disagreement as to legal principles, but because of a difference in appraisal of the facts.

During the depression period the Council of the City of Philadelphia passed two ordinances, one on December 31, 1931, providing that the salaries and wages of all employees of the city and county departments receiving more than $1,200 per annum should, for the year 1932, be decreased in the amount of ten per cent; and the other on January 16, 1933, providing that, for 1933, employees of the city and county departments receiving compensation on a per annum or monthly basis should receive an exemption of $600 per annum on the basic rate of salary and, from the remainder thereof, a twenty-three per cent reduction should be made.

Plaintiff, during those years, was the coroner of the County of Philadelphia, his salary being fixed at $8,000 per annum by the Act of June 1, 1911, P. L. 556. Being a public officer whose compensation was fixed by the legislature, these ordinances were not binding upon him, for the city council did not have the power to diminish his salary: *Taylor v. Philadelphia*, 126 Pa. Superior Ct. 196, 200, 201, 210, (affirmed, per curiam, in 328 Pa. 383, on the opinion of the Superior Court); *Patton v. Philadelphia*, 126 Pa. Superior Ct. 212, 216. But, as stated by the learned President Judge of the Superior Court in the Taylor case (pp. 209, 210): "We know of no public policy of this Commonwealth, which prevents a municipal or state officer, in times of great public distress, from voluntarily donating to his city, county or state such part of his salary or emoluments of office as he sees fit to give up for the relief of the municipality or state. While his salary may not be diminished during his term of office, he can do what he will with his own, and if he chooses to devote part of it to the relief of the city or state, and the latter accepts his voluntary donation, no public policy forbids it. . . . The transaction is most clearly exhibited by the municipality or state paying the officer his full salary and the latter then paying back by check so much thereof as he chooses to devote to the relief of city or state. But that is not the only way of accomplishing the desired result, and any form may be adopted which carries out the intention of the parties, provided it is established to be the voluntary act of the officer, and clearly and definitely proved to be such, and is to continue only so long as he wishes."

The question here is whether plaintiff, who is suing to recover the deductions in his salary for the years 1932 and 1933, made a voluntary donation of them to the city. The judge who acted as the fact-finding tribunal found that he did. The Superior Court held, in effect, that there was no evidence to support this find-

ing, saying (p. 551), by way of quotation from its opinion in the Taylor case: "The mere receipt of part of what he was legally entitled to, without more, was not enough to establish his voluntary acceptance of the part for the whole, especially so where, as here, it was not received as in full payment. . . ."

We are of opinion that there *is* more in the present case than the mere receipt of part of the salary to which plaintiff was legally entitled, and that the trial court was justified in finding that the part *was* received as in full payment. Notwithstanding that plaintiff originally, when discussing the budgeting of his department before the finance committee of council, objected to any reduction of his salary by that body, he subsequently signed payrolls at the beginning of each year in which he and all others in the department gave to the paymaster designated therein a power of attorney to collect from the city controller the amounts stated opposite their respective names.* Thus, as to plaintiff himself, there appears on the payroll at the beginning of 1933 a power of attorney as follows:

| "Name of Employee and Address | Appointment Title | Basic Rate of Pay | Semi-monthly Rate | Councilmanic Deductions |
|---|---|---|---|---|
| Fred Schwarz, Jr. 4819 Garden St. | Coroner | 8000.00 | 333.33 | 70.92 |

| Amount Earned | Amount Payable | We, the undersigned, hereby authorize and empower Victor J. Hamilton to collect from the City Controller the amount stated opposite our names on this pay roll. |
|---|---|---|
| 262.41 | 262.41 | [Signed] Fred Schwarz Jr." |

* By what was evidently an inadvertence a payroll receipt form was used instead of a power of attorney form for the year 1932. This, however, is unimportant in view of the power of attorney given for 1933 and the semi-monthly payroll receipts signed during both 1932 and 1933.

Of more significance than the powers of attorney are the semi-monthly payroll receipts signed by plaintiff and all those in his department. During 1932 these receipts were in the following form:

| "Name of Employee and Address | Appointment Title | Basic Rate of Pay | Semi-monthly Rate | 10 Per Cent Reduction |
|---|---|---|---|---|
| Fred Schwarz, Jr. 4819 Garden St. | Coroner | 8000.00 | 333.33 | 33.33 |

| Amount Earned | Amount Payable | We, the undersigned, hereby acknowledge receipt from Arthur Sellers or Mary G. Smith of the respective sums set forth opposite our names in the column 'Total Amount Payable' the same being for services during the period stated upon this payroll. |
|---|---|---|
| 300.00 | 300.00 | [Signed]   Fred Schwarz Jr." |

Similarly, the 1933 semi-monthly payroll receipts were as follows:

| "Name of Employee and Address | Appointment Title | Basic Rate of Pay | Semi-monthly Rate | Councilmanic Deductions |
|---|---|---|---|---|
| Fred Schwarz, Jr. 4819 Garden St. | Coroner | 8000.00 | 333.33 | $70.92 |

| Amount Earned | Amount Payable | We, the undersigned, hereby acknowledge receipt from Victor J. Hamilton of the respective sums set forth opposite our names in the column 'Total Amount Payable' the same being for services during the period stated upon this pay roll. |
|---|---|---|
| 262.41 | 262.41 | [Signed]   Fred Schwarz Jr." |

These receipts, especially when evaluated in the light of the surrounding circumstances, may not be conclusive, but they certainly constitute evidence sufficient to support a factual inference of an intent on the part of plaintiff to donate to the city the difference between

the legally fixed rate of pay and the amount stated on the receipts to be the "amount payable" or "total amount payable." The words "amount *payable*" mean the sum due, the sum to which the recipient is entitled, and are to be distinguished from such a phrase, for example, as "amount *paid,*" or "amount *received.*" Plaintiff must have known that the amount *legally* payable to him was the sum fixed by the legislature, and that he could not be deprived of that compensation except by his own free will and act. The reasonable interpretation, therefore, of his accepting, by his signature, the reduced amount as the "amount *payable*" is that he was doing this, not because of any legal necessity or compulsion,— for none such existed,—but because of a voluntary renunciation on his part, that is, a donation, of the remaining portion of his salary. He was acknowledging, not merely the *receipt* of a part of that to which he was legally entitled, but its receipt as *constituting all that was payable* for the services rendered during the period in question. Nor can it be contended that the reference to the sum set forth in the column "Total Amount Payable" was only for the purpose of designating the amount for which the receipt was given; on the contrary it involved an implied acceptance of the characterization given to that amount by the heading of the column in which it appeared; otherwise such heading would be deprived of its intrinsic meaning. At the trial plaintiff testified that he expected to recoup the deductions from his pay if and when the city's financial condition improved, but it was for the trial judge, sitting as a jury and weighing all the evidence, to decide whether or not plaintiff intended to make, and did make, a voluntary gift to the city, and whether the payroll receipts were intended to be, and in effect were, receipts as in full payment.

That a debt may be forgiven by way of a gift, either in whole or in part, and that the delivery of a receipt acknowledging payment in full may constitute sufficient

evidence of such forgiveness, has been held in many cases: *Wentz v. DeHaven,* 1 S. & R. 312, 317; *Fassett's Appeal,* 167 Pa. 448; *Paige v. Paige,* 53 Pa. Superior Ct. 311, 315. No doubt plaintiff was reluctant to make such a gift, and did so without much enthusiasm, but if, bowing to the force of circumstances, he in fact intended to give up part of his salary to the city and executed that intention by his signature to the successive payroll receipts, he could not thereafter retract as to salary installments thus donated. The Taylor case was quite different in its facts. There a registration commissioner, seeking to recover from the city the portion of his salary which had not been received by him, had signed payroll receipts with an endorsement thereon that such signature was without prejudice, and that all rights under the Act of Assembly fixing his salary were reserved to collect thereafter balances of salary due him if he so desired. He thus expressly negatived any inference that might otherwise have arisen that such payroll receipts established a gift.

Being of opinion that the trial court was justified in finding from the evidence that plaintiff made a voluntary donation to the city of the unpaid portions of his salary for the years 1932-1933, the order of the Superior Court reversing the judgment of the court of common pleas is reversed, and the judgment for defendant entered in the latter court is reinstated and affirmed.

### HANLEY V. CITY OF PHILADELPHIA

In view of what has been said in the preceding case little need be added here. Plaintiff was a real estate assessor in the County of Philadelphia during the years 1932 and 1933. As such he was a public officer within the meaning of Article III, section 13, of the Constitution, which prohibits either an increase or a diminution of the salary of a public officer after his election or appointment: *Richie v. Philadelphia,* 225 Pa. 511. His salary was fixed by the Act of May 7, 1927, P. L. 857,

at $5,000 per annum, and could not be affected by the city ordinances of December 31, 1931, and January 16, 1933. However, he and the other assessors, as well as the members of the Board of Revision of Taxes and the employees in that department, signed payrolls containing powers of attorney at the beginning of each of the years 1932 and 1933 and semi-monthly payroll receipts during those years in the same form as set forth in the Schwarz case. Upon this evidence the trial judge in the court of common pleas, sitting without a jury, found that plaintiff voluntarily donated to the city the unpaid portions of his salary for the two years, but awarded him a judgment in the sum of $277.96 because plaintiff had received no money and signed no receipt for the period from December 15 to 31, 1932, and had received only part of the amount for which he receipted for the first half of December, 1932.

At a meeting on November 25, 1931, of an association of which the assessors were members, a resolution was adopted to accept a voluntary reduction of ten per cent of their salaries for the year 1932, providing that all other elective and appointive officials in the city and county departments receiving similar or greater salaries agreed to do likewise. There never was a compliance with this proviso, but the trial judge concluded that it was later waived by plaintiff when he signed the payroll receipts, without protest or reservation, for the reduced portions of his salary as being the total amounts payable to him. The Superior Court, on appeal, held (134 Pa. Superior Ct. 557) that because of this resolution of the assessors' association the court below was justified in refusing an award to plaintiff of the ten per cent deducted from his salary for the year 1932, but that the resolution did not affect the year 1933 and therefore the court should have found for plaintiff for the portion of the salary deducted for the latter year; accordingly the Superior Court modified the judgment of the common pleas by increasing the award to plain-

tiff by the amount withheld from his salary in 1933. It is not necessary to discuss the effect of the resolution because, entirely apart from it, we have held in the Schwarz case that the signing of the powers of attorney and, more particularly, of the semi-monthly receipts of the "amount payable" was in itself sufficient to justify the factual finding of a voluntary donation to the city of the unpaid portions of salary for the two years in question.

The order of the Superior Court modifying the judgment entered in the court of common pleas is reversed, and the judgment entered in the latter court is reinstated and affirmed.

There were thirty-two other suits brought by former real estate assessors against the City of Philadelphia to recover the amounts of salary reductions during the years 1932 and 1933, and by stipulation all of these cases were to be determined by the result of the Hanley case. Accordingly, appropriate judgments should be entered by the court of common pleas in those cases to conform with this decision.

### SWIFT, ADMR., v. CITY OF PHILADELPHIA

Plaintiff's decedent was a real estate assessor of the City of Philadelphia, and the evidence is substantially the same as in the Hanley case except that here no testimony was presented as to the meeting of the association of assessors. The case was tried in the common pleas before a jury, but the learned trial judge directed a verdict in favor of plaintiff. On appeal to the Superior Court the judgment entered on this verdict was affirmed.

In accordance with our decision in the Schwarz case the order of the Superior Court must be reversed and a new trial granted to defendant. Apart from any question as to the meeting of the assessors, the jury could have found from the powers of attorney executed by decedent and more especially from the semi-monthly pay-

roll receipts which he signed, that he intended to make a voluntary donation to the city of the unpaid portions of his salary for the years 1932 and 1933. Decedent was not compelled by law to accept a diminution in salary, and if his receipts indicated that he accepted the lesser sums as being the amounts not only *received* but *payable,* this would be evidence from which the intention to make a gift could be inferred, and indeed *should* be inferred in the absence of contrary evidence.

The order of the Superior Court is reversed, as is also the judgment entered in the court of common pleas, and a new trial is granted to defendant.