## Bachman's Appeal

*Henry L. Snyder*, for appellant.

*Reuben J. Butz*, for school district.

IOBST, P. J., November 6, 1939.—. . . .

This proceeding in court is de novo. A hearing was held and the issue came on for argument and a decision by the court. On September 25, 1931, Bachman and the school district entered into a written contract wherein it was agreed that Bachman be employed as a teacher in said school district for a term of 10 months from September 1, 1931, at a salary of $1,300, payable semi-monthly during the school term, less the contribution required by law to be paid to the Teachers' Retirement Fund. By virtue of the authority of the so-termed Increment Abatement Act of April 25, 1933, P. L. 69, the school district adopted a resolution on May 1, 1938, providing that for the school years 1933-1934 and 1934-1935 all professional employes,

including Bachman, should receive 90 percent of the salary received the previous school year. On May 31, 1934, Bachman's contract was renewed in a written agreement between the parties for the 10 months' school term of 1934-1935 at a salary of $1,300.

On May 4, 1937, in compliance with the Teachers' Tenure Act of April 6, 1937, P. L. 213, Bachman entered into a new written contract of employment with the school district which provided for a salary of $1,600 to be paid semi-monthly, during the school term, for a period of 10 months, said salary referring to the school term of 1936-1937. This contract provided that it should continue in force and effect from year to year and that none of its provisions might be waived orally or in writing and that the school directors might increase the compensation therein named, subject to the provisions of law. This is the latest contract between the parties and is still in force. After abatements in Bachman's salary had been made under the authority of the Act of 1933, supra, for the school years 1933-1934 and 1934-1935, Clarence E. Ackley, Chief of the Division of School Law, in the Department of Public Instruction of Pennsylvania, on August 4, 1937, notified the superintendent of the schools of said district that the district was required to place its teachers on the salary schedule at the point which they would have reached had there never been any temporary legislation abating the increments as provided by the School Code of May 18, 1911, P. L. 309. Previously, on April 8, 1936, Lester K. Ade, State Superintendent of Public Instruction, forwarded an opinion of the Attorney General of Pennsylvania to the superintendent of the school district, which opinion referred to the necessary restoration of the unpaid increments to the teachers. Pursuant to these letters, which contained threats of withholding State appropriations to the district, and by action on the part of the school district, Bachman was paid the sum of $200, which amount had been abated from his 1933-1934 and 1934-1935 salaries, during the school year of 1937-1938.

After the decision of our Superior Court, in the case of Bishop v. Bacon et al., 130 Pa. Superior Ct. 240, nullified the action of the State officials in the Department of Public Instruction demanding the restoration of the abated increments, the school district decided to reimburse itself for the amount of $200 overpayment in Bachman's salary for the 1937-1938 school year by spreading his salary over a 12 months' period and making monthly deductions in his 1938-1939 salary in order to recoup this amount. In this issue we need not determine whether Bachman is legally entitled to the amount paid to him over and above his contractual salary for the term of 1937-1938, but rather whether the school board has the legal right to arbitrarily deduct certain amounts monthly from his salary and spreading the monthly salary from a 10 months' period to a 12 months' period, without the consent of Bachman.

It is a well-recognized principle of law that ignorance, a mistake of law, a misconception of law, erroneous deduction or misapprehension of legal rights, furnish no ground for relief. Exceptions to this rule have always been predicated upon fraud, improper conduct, undue influence and confidence or marked disparity in the position and intelligence of the parties. None of these theories could be applied to the matter at issue. The school district was well acquainted with the Abatement Act of 1933, had taken action by virtue of the authority contained in said act, and it was none of Bachman's conduct that induced the district to change its official action in regard to allowance of abatements which previously had been deducted from his salary. See Commonwealth ex rel. v. Donoghue et al., 31 D. & C. 105, and cases there cited.

The Teachers' Tenure Act of 1937 was designed to secure to the citizens of Pennsylvania a competent and efficient school system, and under that act the school boards are given no discretion in the execution of contracts with teachers: Teachers' Tenure Act Cases, 329

Pa. 213. The change from a 10 months' contract to a 12 months' contract was a demotion under the Teachers' Tenure Act. A school board may not insert in the contract form prescribed in the Teachers' Tenure Act a period of months longer than the regular session without providing for additional compensation: Teachers' Tenure Act Cases, supra. Bachman's written contract could in no way be impaired by the board without his consent and must remain in force unless succeeded by a new contract or canceled as provided in the act: Indiana ex rel. v. Brand, Trustee, 303 U. S. 95 (1938). The fact that Bachman accepted certain smaller monthly amounts does not amount to a waiver of his contractual rights: Taylor v. Philadelphia, 126 Pa. Superior Ct. 196; Schwarz et al. v. Philadelphia, 134 Pa. Superior Ct. 544. Under the facts and the law the appeal must be sustained insofar as concerns the action of the school board in attempting to deduct from Bachman's present and future salaries certain sums for overpayment made to him during the school year 1937-1938. . . .

*Order*

Now, November 6, 1939, it is ordered and decreed that the contract existing between Charles F. Bachman and the School District of the City of Allentown be and remain in force as written; that the salary therein provided, together with lawful increments as indicated by the court's conclusions of law, must be paid to Charles F. Bachman in full for the year 1938-1939, in semi-monthly payments extending over a 10 months' period, at the rate of $1,800, and that the school district has no right or authority to deduct any sum whatsoever from Charles F. Bachman's salary except that which is required for the Teachers' Retirement Fund. Any and all sums subtracted from Bachman's salary to reimburse the school district for any overpayment in the year 1937-1938 must be restored to him.