## Leach, Appellant, *v.* Philadelphia.

Argued October 15, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*James H. McHale,* for appellant.

*Samuel Feldman,* Assistant City Solicitor, with him *Francis F. Burch,* City Solicitor, for appellee.

PER CURIAM, November 13, 1940:

We are of opinion that this case is ruled against appellant by the decisions of the Supreme Court in *Schwarz v. Phila., Hanley v. Phila.* and *Swift, Admr.*

*v. Phila.,* reported together in 337 Pa. 500-511, 12 A. 2d 294.

The plaintiff was clerk of the Municipal Court of Philadelphia County. His salary was fixed by the General Assembly, but was payable by the City. He signed a power of attorney and semi-monthly payrolls differing in no essential particulars from those described in the Schwarz case (pp. 505 and 506), and setting forth as the "amount payable" to him, the amount which was actually paid to and received by him. The payrolls did not contain any note or entry by him reserving his right to collect from the City the percentages deducted from his salary, as was present in *Taylor v. Phila.,* 126 Pa. Superior Ct. 196, 190 A. 663, affirmed, per curiam, in 328 Pa. 383, 196 A. 64.

Referring to the effect of his thus signing the payroll, Mr. Justice STERN, speaking for the Court, said in the Swift case, supra, pp. 510, 511: "Apart from any question as to the meeting of the assessors, the jury could have found from the powers of attorney executed by decedent and more especially from the semi-monthly payroll receipts which he signed, that he intended to make a voluntary donation to the city of the unpaid portions of his salary for the years 1932 and 1933. Decedent was not compelled by law to accept a diminution in salary, and if his receipts indicated that he accepted the lesser sums as being the amounts not only *received* but *payable,* this would be evidence from which the intention to make a gift could be inferred, and indeed *should* be inferred in the absence of contrary evidence." (Italics by Mr. Justice STERN).

As there was no "contrary evidence" in the present case, the only inference to be drawn from the language of the Supreme Court is that a verdict for the defendant was properly directed.

Judgment affirmed.