## Waiver of Compensation for Public Office

HARRINGTON ADAMS, Deputy Attorney General, March 2, 1956.—You have asked whether it is lawful for an appointee now holding a public office as judge of the County Court of Allegheny County to serve on the Pennsylvania Fair Employment Practice Commission, if such appointee waives his right to compensation as a member of the Pennsylvania Fair Employment Practice Commission.

Article V, sec. 18 of the Constitution provides as follows:

"The judges of the Supreme Court and the judges of the several courts of common pleas, and all other judges required to be learned in the law, shall at stated

times receive for their services an adequate compensation, which shall be fixed by law, and paid by the State. They shall receive no other compensation, fees, or prerequisites of office for their services from any source, nor hold any other office of profit under the United States, this State or any other State."

The last phrase of this section of the Constitution raises the question as to whether membership on the commission is an office of profit.

Examination of the Act of October 27, 1955, P. L. 744, leads to the conclusion that the commissioners are public officers and since the act provides for compensation at the rate of $15 per day for the time actually devoted to the business of the commission, it is in our opinion an office of profit.

However, you state the appointee plans to waive his right to such compensation during his period of service. The Supreme Court has upheld these waivers or donations in the case of Schwarz v. Philadelphia, 337 Pa. 500 (1940), provided it is established to be the voluntary act of the officer.

It seems clear that it was the intention of the framers of the Constitution to prevent an officeholder from drawing compensation from two public sources rather than preventing him from serving in two different capacities. If it had been intended to prevent him from holding two offices, the words "of profit" would have been omitted.

Holding two offices is not unusual or illegal in Pennsylvania, and there are many instances of one person holding two offices, unless specifically prohibited.

We are, therefore, of the opinion and you are accordingly advised that if the appointee clearly and unconditionally waives his right to the compensation of a commissioner, he may legally serve on the Pennsylvania Fair Employment Practice Commission.