## Waiver of Notaries' Fees

HARRY L. ROSSI, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, December 20, 1957.—You have asked to be advised as to whether notaries may waive part of their fee under The Notary Public Law of August 21, 1953, P. L. 1323, 57 PS §§147-169. Section 21 of the act, 57 PS §167, provides:

"The fees of notaries public shall be fixed by the Secretary of the Commonwealth with the approval of the Attorney General."

In accordance with section 21, supra, the Secretary of the Commonwealth has provided a notary public maximum fee schedule. The only limitation in The Notary Public Law, supra, relative to fees is contained in section 19, 57 PS §165, which forbids directors, officers and clerks of banks, banking institutions and trust companies from performing notary services for such companies and states that fees otherwise earned by such persons shall be their own and not the company's. This provision obviously does not prevent such a notary from waiving his fee.

There are, of course, provisions contained in our Penal Code [1] prohibiting overcharges and in our general laws [2] prohibiting the charging of fees to servicemen, their widows or orphans of servicemen or servicemen's parents, none of which are of any import in the present discussion.

The Notary Public Law is a penal statute and must, therefore, be strictly construed. Its provisions afford public redress for its violation: Statutory Construction Act of May 28, 1937, P. L. 1019, article IV, sec. 58, 46 PS §558.

Since the said law does not contain any limitations relating to fees other than those stated above, we cannot impose additional limitations unless the dic-

[1] Act of June 24, 1939, P. L. 872, sec. 318, 18 PS §4318.
[2] Act of June 11, 1879, P. L. 148, sec. 1, as amended, 51 PS §401.

tates of public policy so demand. The dictates of public policy have, in the past, initiated only the enactment of the express limitations imposed on notaries in section 19. There would appear to be no other public policy consideration which would prevent a notary from doing "what he will with his own": Schwarz v. Philadelphia, 337 Pa. 500, 504 (1940) ; Patton v. Philadelphia, 126 Pa. Superior Ct. 212, 218 (1937), (discussing right of State officers to voluntarily relinquish whole or part of salary). In the absence, therefore, of any impelling public policy consideration or statutory limitation, there appears to be no reason why a notary public cannot waive his fee in a particular case. This department has, on two prior occasions, rendered opinions which included therein our considerations relating to the fees of notaries public.

In Attorney General's Opinion, dated December 31, 1919, 1919-20 Op. Atty. Gen. 52, 29 Dist. R. 952, we stated that a notary public was not obliged to charge the full fee prescribed by the Act of May 10, 1919, P. L. 903 (repealed by subsequent Notary Public Laws). In that opinion we stated that "there is no reason why a notary public may not remit his fees for services, in whole or in part".

In Attorney General's Opinion, dated January 6, 1921, 1921-22 Op. Atty. Gen. 21, it was stated that "I am of the opinion that while the notary himself can waive his rights to fees, no one else can do it for him".

Both opinions, of course, made reference to then existing statutes relating to notaries which have since been repealed. There are, however, no extraordinary provisions in existing law which could justify or support an opinion divergent to those stated in both of the above cited opinions.

We are of the opinion, and you are accordingly advised, that notaries may waive their fee in whole or in part in any particular case.